14722.   LEWIS *et al. v.* CITIZENS & SOUTHERN BANK.

STEPHENS, J.   1. Section 3426 of the Civil Code (1919), which provides that a contract to pay interest in excess of seven per cent. must be in writing, applies only to a contract containing an executory promise to pay such excess interest, and does not apply to a contract where such excess interest has been actually paid and such payment has been

accepted by the opposite party to the contract in consideration of the latter's promise to extend the time of payment of the principal sum.

2. Where after the maturity of a note the debtor pays to the creditor a sum of money representing advance interest upon the principal at the rate of eight per cent. per annum for a definite period of time, in consideration of a promise by the creditor to extend the time of payment of the principal, this agreement, although not in writing, constitutes a valid contract between the parties, and, when made without the consent of the surety upon the note, operates to release and discharge the latter. Civil Code (1910), § 3543.

3. The ruling here made is clearly distinguishable from that laid down in *Ver Nooy* v. *Pitner*, 17 *Ga. App.* 229. In that case there was no enforceable agreement between the principal debtor and the creditor to extend the time of payment, but a voluntary indulgence of the debtor by the creditor, and acceptance from the debtor by the creditor from time to time of past-due interest.

4. In a suit by the creditor against the sureties, where such an alleged contract of renewal was pleaded by the defendants as a release, and the evidence authorized the inference that such a contract had been executed, an instruction to the jury contrary to the principle above laid down was error, and the jury having found for the plaintiff, the court erred in overruling the defendants' motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1924.

Complaint; from Polk superior court—Judge Irwin. May 26, 1923.

Certiorari was granted by the Supreme Court.

*Mundy & Watkins,* for plaintiffs in error.

*Winfield P. Jones, W. K. Fielder,* contra.